UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAWRENCE W. KONIECZKO and
LAURIE F. KONIECZKO,

      Plaintiffs,

v.                                  Case No: 6:23-cv-2109-CEM-EJK

ORANGE COUNTY, FL, DOE
FIREMAN #1; DOE FIREMAN #2,
DOE FIRE MARSHAL, DOE 911
OPERATOR, DOE DEPUTY #1,
DOE DEPUTY #2, DOE DEPUTY
#3, DOE PARAMEDIC, ROBERT
LEBLANC, DOE BAILIFF,
PATRICIA O'DEA, DOE FBI
AGENT-EMPLOYEE, 5 DCA
JUDGES, F. RAND WALLIS, JAY
COHEN, JAMES EDWARDS,
KERRY EVANDER, JOHN
HARRIS, BRIAN LAMBERT,
RICHARD ORFINGER, WENDY
BERGER, PALMER, TORPY,
DANIEL IRICK, PAUL BYRON,
CHARLES HUDNALL, DOE
DIRECTOR, and KENNETH
NICHOLSON,

      Defendants.

**ORDER**

This cause comes before the Court on *pro se* Plaintiffs' Emergency Time Sensitive Motion (the "Motion") (Doc. 9), filed October 31, 2023. (*Id.*) The Court construes the Motion as one for a Temporary Restraining Order ("TRO"). Upon consideration and review, Plaintiffs' Motion will be denied.

I.   **BACKGROUND**

On October 27, 2023, Plaintiffs filed a Complaint against a number of Defendants, including Orange County, Florida, its firefighters, fire marshal, 911 operator, Orange County Sheriff's Office deputies, a former judge in the Ninth Judicial Circuit, a bailiff, a Florida State Trooper, current and former judges of the Fifth District Court of Appeals, two federal judges in Orlando, and Orange County code enforcement officials. (Doc. 1.) Plaintiffs allege that Defendants violated their First, Fourth, and Fourteenth Amendment rights due to their involvement with a crime ring, resulting in several alleged wrongs against Plaintiffs, including arson on their home and the death of several of Plaintiffs' pets and front yard plants. (Doc. 1.)

Plaintiffs now move for a TRO seeking an order: (1) directing the Orange County, Florida comptroller not to auction off Plaintiffs' property located at 5512 Grand Canyon Drive, Orlando, Florida 32810, today, November 2, 2023; (2) directing the Orange County, Florida tax collector to process Plaintiffs' Trustco Bank cashier's check for alleged delinquent taxes; and (3) directing Orange County, Florida to retract all defamatory and false statements falsely accusing Plaintiffs of having delinquent taxes. (Doc. 9.) The named Defendants have not yet appeared in this case.[1]

---

[1] Plaintiffs previously instituted a nearly identical case, No. 6:22-cv-01451-PGB-DCI, which is currently on appeal.

## II.     STANDARD

The Federal Rules of Civil Procedure provide that a district court may issue a TRO without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A), (B).

To obtain a temporary restraining order, a party must prove "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (citation omitted). Providing temporary relief of this nature "is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the 'burden of persuasion' as to each of the four prerequisites." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)). The Court's Local Rules establish additional requirements for filing a motion for TRO. *See* Local Rule 6.01.

### III. DISCUSSION

The Motion fails for several reasons. First, the Motion does not comply with either Federal Rule of Civil Procedure 64(b)(1)(A) or (B). No affidavit or verified complaint has been presented to the Court demonstrating immediate and irreparable injury. Rather, the Complaint focuses on the alleged arson that occurred on Plaintiffs' home years ago; the Complaint does not appear to focus on unpaid tax issues. (*See* Docs. 1, 9.) Further, Plaintiffs have not certified what efforts, if any, they have made to give notice to Orange County, Florida. Moreover, the Motion does not address the four elements that must be established prior to a Court entering a TRO and does not comply with all requirements of Local Rule 6.01. For these reasons, Plaintiffs have not met the heavy burden of establishing entitlement to a TRO.

### IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiffs' Emergency Time Sensitive Motion (Doc. 9) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 2, 2023.

*[Signature]*

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE